## 17527.    MANNING v. THE STATE.

BROYLES, C. J.  1. Under the facts of the case, the grounds of the amendment to the motion for a new trial show no cause for a reversal of the judgment below.

2. While the evidence connecting the accused with the offense charged was wholly circumstantial, it was sufficient to exclude every *reasonable* hypothesis save that of his guilt; and the judge having correctly instructed the jury upon the law of circumstantial evidence, and the finding of the jury having been approved by the judge, and no error of law appearing, this court is without authority to interfere.

*Judgment affirmed. Luke, J., concurs. Bloodworth, J., absent on account of illness.*

DECIDED NOVEMBER 9, 1926.

Making liquor; from Laurens superior court—Judge Camp. June 12, 1926.

*Hightower & New,* for plaintiff in error.

*Fred Kea, solicitor-general,* contra.

Criminal Law, 16 C. J. p. 267, n. 93; p. 271, n. 41.

## 17528.    ROGERS v. HUGHES et al.

BROYLES, C. J.  The evidence, while in acute conflict, authorized the verdict, and the grounds of the amendment to the motion for a new trial show no cause for another hearing of the case.

*Judgment affirmed. Luke, J., concurs. Bloodworth, J., absent on account of illness.*

DECIDED NOVEMBER 9, 1926.

Complaint; from Gordon superior court—Judge Tarver. May 24, 1926.

*J. M. Lang,* for plaintiff.   *M. B. Eubanks,* for defendants.

Appeal and Error, 4 C. J. p. 858, n. 3.